MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ANDRES JIMENEZ REYNOSO (A.K.A. SERGIO SANCHEZ), *individually and on behalf of others similarly situated,*

                        *Plaintiff*,

            -against-

NERVE 1649 PARK AVENUE INC. (D/B/A NERVE INC.), NERVE CONTRACTING CO INC. (D/B/A NERVE INC. ), NERVE LOS TRES HOUSING DEVELOPMENT FUND CORPORATION (D/B/A NERVE INC.), ROBERT ANAZAGASTI , and ROBERT ANAZAGASTI, JR. ,

                        *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Andres Jimenez Reynoso (a.k.a. Sergio Sanchez) ("Plaintiff Jimenez" or "Mr. Jimenez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Nerve 1649 Park Avenue Inc. (d/b/a Nerve Inc.), Nerve Contracting Co Inc. (d/b/a Nerve Inc. ), Nerve Los Tres Housing Development Fund Corporation (d/b/a Nerve Inc.), ("Defendant Corporations"), Robert Anazagasti and Robert Anazagasti, Jr., ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Jimenez is a former employee of Defendants Nerve 1649 Park Avenue Inc. (d/b/a Nerve Inc.), Nerve Contracting Co Inc. (d/b/a Nerve Inc. ), Nerve Los Tres Housing Development Fund Corporation (d/b/a Nerve Inc.), Robert Anazagasti, and Robert Anazagasti, Jr..

2. Defendants own, operate, or control a contracting corporation, located at 18 East 116th Street, New York, New York 10029 under the name "Nerve Inc."

3. Upon information and belief, individual Defendants Robert Anazagasti and Robert Anazagasti, Jr., serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the contracting corporation as a joint or unified enterprise.

4. Plaintiff Jimenez was employed as a porter at the contracting corporation located at 18 East 116th Street Suite 2R, New York, NY 10029.

5. At all times relevant to this Complaint, Plaintiff Jimenez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Jimenez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Jimenez to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Jimenez and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Jimenez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Jimenez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Jimenez's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a contracting corporation located in this district. Further, Plaintiff Jimenez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Andres Jimenez Reynoso (a.k.a. Sergio Sanchez) ("Plaintiff Jimenez" or "Mr. Jimenez") is an adult individual residing in New York County, New York.

14. Plaintiff Jimenez was employed by Defendants at Nerve Inc. from approximately March 2014 until on or about November 20, 2019.

15. Plaintiff Jimenez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a contracting corporation, located at 18 East 116th Street, New York, New York 10029 under the name "Nerve Inc."

17. Upon information and belief, Nerve 1649 Park Avenue Inc. (d/b/a Nerve Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 18 East 116th Street Suite 2R, New York, NY 10029.

18. Upon information and belief, Nerve Contracting Co Inc. (d/b/a Nerve Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 18 East 116th Street, New York, New York 10029.

19. Upon information and belief, Nerve Los Tres Housing Development Fund Corporation (d/b/a Nerve Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 18 East 116th Street, New York, New York 10029.

20. Defendant Robert Anazagasti is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Robert Anazagasti is sued

individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Robert Anazagasti possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Jimenez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Robert Anazagasti, Jr. is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Robert Anazagasti, Jr. is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Robert Anazagasti, Jr. possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Jimenez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

22.     Defendants operate a contracting corporation located in the East Harlem section of Manhattan in New York City.

23.     Individual Defendants, Robert Anazagasti and Robert Anazagasti, Jr., possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Jimenez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Jimenez, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Jimenez (and all similarly situated employees) and are Plaintiff Jimenez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Jimenez and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Robert Anazagasti and Robert Anazagasti, Jr. operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of their own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Jimenez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Jimenez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Jimenez's services.

30. In each year from 2014 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the contracting corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Jimenez is a former employee of Defendants who was employed as a porter.

33. Plaintiff Jimenez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Andres Jimenez Reynoso (a.k.a. Sergio Sanchez)*

34. Plaintiff Jimenez was employed by Defendants from approximately March 2014 until on or about November 20, 2019.

35. Defendants employed Plaintiff Jimenez as a porter.

36. Plaintiff Jimenez regularly handled goods in interstate commerce, such as contracting materials and other supplies produced outside the State of New York.

37. Plaintiff Jimenez's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Jimenez regularly worked in excess of 40 hours per week.

39. From approximately March 2014 until on or about March 2015, Plaintiff Jimenez worked from approximately 8:00 a.m. until on or about 1:00 p.m., 4 days a week and from approximately 8:00 am. until on or about 1:00 p.m. and from approximately 4:00 p.m. until on or about 7:00 p.m., 3 days a week (typically 44 hours per week).

40. From approximately March 2015 until on or about November 20, 2019, Plaintiff Jimenez worked from approximately 8:00 a.m. until on or about 6:00 p.m., 4 days a week and from approximately 8:00 a.m. until on or about 7:00 p.m., 3 days a week (typically 73 hours per week).

41. From approximately March 2014 until on or about December 2017, Defendants paid Plaintiff Jimenez his wages in cash.

42. From approximately January 2018 until on or about November 20, 2019, Defendants paid Plaintiff Jimenez his wages by check.

43. From approximately March 2014 until on or about December 2017, Defendants paid Plaintiff Jimenez a fixed salary of approximately $250 per week.

44. From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Jimenez a fixed salary of $480 per week.

45. From approximately January 2019 until on or about November 20, 2019, Defendants paid Plaintiff Jimenez a fixed salary of $540 per week.

46. Plaintiff Jimenez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47. For example, Defendants required Plaintiff Jimenez to work an additional 3 hours past his scheduled departure time on one occasion, and did not pay him for the additional time he worked.

48. Defendants never granted Plaintiff Jimenez any breaks or meal periods of any kind.

49. Plaintiff Jimenez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Jimenez regarding overtime and wages under the FLSA and NYLL.

51. Defendants did not provide Plaintiff Jimenez an accurate statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff Jimenez, in English and in Spanish (Plaintiff Jimenez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53. Defendants required Plaintiff Jimenez to purchase "tools of the trade" with his own funds—including a soap, rubber gloves and brooms.

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Jimenez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

55. Plaintiff Jimenez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56. Defendants' pay practices resulted in Plaintiff Jimenez not receiving payment for all his hours worked, and resulted in Plaintiff Jimenez's effective rate of pay falling below the required minimum wage rate.

57. Defendants habitually required Plaintiff Jimenez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59. Defendants paid Plaintiff Jimenez his wages in cash and then check.

60. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Jimenez (and similarly situated individuals) worked, and to avoid paying Plaintiff Jimenez properly for his full hours worked.

62. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Jimenez and other similarly situated former workers.

64. Defendants failed to provide Plaintiff Jimenez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65. Defendants failed to provide Plaintiff Jimenez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiff Jimenez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67. At all relevant times, Plaintiff Jimenez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

68. The claims of Plaintiff Jimenez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

69. Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants were Plaintiff Jimenez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Jimenez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

71. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73. Defendants failed to pay Plaintiff Jimenez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

74. Defendants' failure to pay Plaintiff Jimenez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Jimenez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

76. Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Jimenez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78. Defendants' failure to pay Plaintiff Jimenez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiff Jimenez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

80. Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

81. At all times relevant to this action, Defendants were Plaintiff Jimenez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Jimenez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

82. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Jimenez less than the minimum wage.

83. Defendants' failure to pay Plaintiff Jimenez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Jimenez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

85. Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Jimenez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87. Defendants' failure to pay Plaintiff Jimenez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff Jimenez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

89. Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants failed to provide Plaintiff Jimenez with a written notice, in English and in Spanish (Plaintiff Jimenez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91. Defendants are liable to Plaintiff Jimenez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

92. Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

93. With each payment of wages, Defendants failed to provide Plaintiff Jimenez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94. Defendants are liable to Plaintiff Jimenez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

95.  Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

96.  Defendants required Plaintiff Jimenez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

97.  Plaintiff Jimenez was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF THE NEW YORK LABOR LAW

98.  Plaintiff Jimenez repeats and realleges all paragraphs above as though set forth fully herein.

99.  At all relevant times, Defendants were Plaintiff Jimenez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

100.  Defendants made unlawful deductions from Plaintiff Jimenez's wages; specifically, Defendants deducted $20 from Plaintiff Jimenez's pay everytime he calle to Mexico.

101.  The deductions made from Plaintiff Jimenez's wages were not authorized or required by law.

102.  Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Jimenez's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

103.  Plaintiff Jimenez was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jimenez respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Jimenez and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Jimenez and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Jimenez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Jimenez and the FLSA Class members;

(f) Awarding Plaintiff Jimenez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Jimenez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Jimenez;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Jimenez;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Jimenez's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Jimenez;

(l) Awarding Plaintiff Jimenez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m) Awarding Plaintiff Jimenez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Jimenez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Jimenez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Jimenez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Jimenez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

January 10, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 19, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Andres Jimenez Reynoso

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                *ANDres JiMeNesRoYnoSo*

Date / Fecha:                     19 de Diciembre

*Certified as a minority-owned business in the State of New York*