UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES JIMENEZ REYNOSO,

Plaintiff,

-against-

NERVE 1649 PARK AVENUE INC., et al.,

Defendants.



20-CV-2184 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' joint letter dated June 4, 2021 (Joint Ltr.) (Dkt. No. 48), seeking approval of their fully-executed Settlement Agreement (Ag.) (Dkt. No. 48-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Nerve 1649 Park Avenue Inc., Nuevo El Barrio Rehabilitacion De Vivienda Y Economia, Inc., and Robert Anazagasti to pay $25,000, and provide a rent-free apartment for two years to plaintiff Andres Jimenez Reynoso, whom they formerly employed as a porter, in order to settle plaintiff's claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. ¶¶ 3, 4; Joint Ltr. at 2. These terms were arrived at after arms-length bargaining at a judicially-supervised settlement conference before the undersigned magistrate judge on April 14, 2021.

The $25,000 cash payment will be made in four installments,[1] with a total of $12,000 going to plaintiff himself and $13,000 going to his attorneys for their fees and expenses. Joint Ltr. at 2. Defendants will also make an apartment available to plaintiff in one of the buildings they own in

---

[1] The first payment of $10,000 will be made within thirty days of the Court's approval of the parties' settlement. Ag. ¶ 3. The second, third, and fourth payments of $5,000 each will be made on the thirtieth day of the month following each prior installment payment. *Id.*

Manhattan. Ag. ¶ 4. In the Agreement, defendants provided plaintiff with three options. *Id*. Within thirty days of plaintiff's execution of the settlement agreement (on June 4, 2021), he must notify defendants as to which apartment he chooses. *Id.* He will be permitted to reside in that apartment rent-free for a period of two years, after which he may stay in the apartment for however long he chooses, so long as he complies with the conditions of his lease. *Id.*[2] The parties value the rent-free period at $13,958.64, based on the current monthly rent for the least expensive of the three apartments offered. Joint Ltr. at 2.[3]

The Agreement includes two releases. Plaintiff will release defendants (and various affiliates) from any claims "relating specifically to the claims in the Litigation that have accrued as of the Effective Date of this Agreement, in particular the claims" under the FLSA and NYLL, "and for any costs, including attorneys' fees, that Plaintiff incurred in the Litigation." Ag. ¶ 7. Defendants, in turn, will release plaintiff "from any and all known wage and hour claims, and liabilities of such kind that they have, had, or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have accrued as of the Effective Date of this Agreement, and for any costs, including attorneys' fees, that Defendants incurred in the Litigation." *Id*. Separately, the parties covenant that they have no wage and hour lawsuits pending against one another (other than, presumably, this one) and do not intend to bring such lawsuits. *Id*. ¶ 8. Although it seems unlikely that defendants could have "wage and hour claims" against their former employee the

---

[2] Defendants also agree to provide plaintiff with a warranty of habitability and to assist him in applying for assistance through the Disability Rent Increase Exemption Program to keep the apartment's rent at its current rental rate. Ag. ¶ 4.

[3] To calculate the amount of rent, plaintiff "chose the lowest rental rate from the three available apartments that Defendants are offering to Plaintiff and then multiplied that rate by twenty four," which added up to $13,958.64. Joint Ltr. at 2 n.1.

2

Court finds the mutual releases fair and reasonable to plaintiff, who is no longer employed by defendants and in any event is not required to execute a general release.

There is also a non-disparagement clause, which includes the following carve-out: "[N]othing within this clause shall prohibit Plaintiff from making truthful statements about his experience in litigating this action." Ag. ¶ 10. Because of the carve-out, the Court finds the non-disparagement clause acceptable. *See Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.) (non-disparagement clause "must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case") (internal quotation marks omitted; modifications in original).

Although the proposed attorneys' fee award is more than 50% of the total cash settlement payment, it is the equivalent of one-third of the total value of the settlement, including the two-year rent-free period. Joint Ltr. at 2. Moreover, the proposed fee award is lower than counsel's lodestar, as revealed by the attorney time records submitted to the Court. (Dkt. No. 48-3.)

Having reviewed the terms of the Agreement, including the award of fees and expenses to plaintiff's counsel, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Although the settlement amount is significantly lower than plaintiff's estimated damages of $209,861.63 for unpaid wages and overtime (not including liquidated damages, penalties, or interest) (*see* Dkt. No. 48-2), plaintiff would face significant litigation risks at trial, including problems of proof as to the hours he claims to have worked. Plaintiff's settlement decision was also influenced by his understanding that collecting a larger judgment could be difficult, particularly in light of the financial strains placed on defendants "due to the current pandemic." Joint Ltr. at 2.

Accordingly, the proposed settlement is **APPROVED**.

It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
June 29, 2021

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**